1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   CHERYL MCELROY, an individual,
                                        2:06-CV-0708-MCE-DAD
12            Plaintiff,

13      v.                              <u>MEMORANDUM AND ORDER</u>

14   LOWE'S COMPANIES, INC., a
     North Carolina corporation
15   doing business as LOWE'S HIW,
     a Washington Corporation, and
16   LOWE'S HOME CENTERS, INC., a
     North Carolina corporation;
17   TOM POWERS, an individual;
     MATT SIMONICH, an individual,
18   and DOES 1-100, inclusive,

19            Defendants.

20
                            ----oo0oo----
21

22

23       Through the present action, Plaintiff Cheryl McElroy

24   ("McElroy") seeks damages from Defendants Tom Powers, Matt

25   Simonich, Lowe's HIW, and Lowe's Home Centers (collectively

26   "Defendants") based on alleged violations of certain state and

27   federal laws.

28   ///

                                  1

Specifically, McElroy advances the following claims: sex discrimination, sexual harassment, failure to prevent sexual harassment, physical disability discrimination, physical disability harassment, failure to prevent physical disability harassment, wrongful termination, negligent infliction of emotional distress, and violation of the Federal Family Medical Leave Act.

Before the Court are McElroy's Motion to Amend her Complaint and her Motion to Remand this action to the San Joaquin Superior Court.  For the reasons explained below, McElroy's Motions are granted.[1]

## BACKGROUND

On September 20, 2005, Plaintiff Cheryl McElroy initiated this action in San Joaquin Superior Court asserting various state law claims against individual Defendants Powers and Simonich.  On September 27, 2005, McElroy filed her First Amended Complaint adding as defendants Lowe's HIW, Inc., and Lowe's Home Centers. On February 28, 2006, McElroy filed a Second Amended Complaint. Among other modifications, she added a cause of action for retaliation under the Federal Family Medical Leave Act ("FMLA"). McElroy characterizes this addition as an "afterthought" and attributes it to her counsel's legal mistake.

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

On April 3, 2006, Defendants removed this action to this Court based on federal question jurisdiction conferred by the addition of the FMLA cause of action.  McElroy now seeks to eliminate that claim through amendment which will destroy the federal basis upon which removal was based.  Defendants do not oppose her proposed amendment but nonetheless request that the case proceed in this federal forum.  As explained below, the Court will permit the amendment but declines to exercise jurisdiction over McElroy's remaining state law claims.

**STANDARD**

**I.  Motion to Amend**

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Fed. R. Civ. P. 15(a).  Otherwise, leave of court or written consent of the adverse party is required to amend a pleading.  *Id.* Granting or denial of leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion.  *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).  Leave "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).

Leave to amend is usually granted with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

///

///

Giving plaintiffs broad latitude to amend their complaints furthers the federal system's goal of adjudication on the merits, not on procedural technicalities. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). An outright denial of leave to amend without any explanation is subject to reversal. *Id.*

While leave to amend is typically granted with extreme liberality, courts have identified the following factors that may support a denial of leave to amend: undue delay, bad faith or dilatory motive, futility of amendment, prejudice to the opposing party, and repeated failure to cure deficiencies by previous amendments. *See, e.g., Eminence Capital*, 316 F.3d at 1052. By far the most important factor is prejudice to the opposing party: "prejudice is the touchstone of the inquiry under Rule 15(a)." *Id.* (internal citation omitted). But without prejudice or a strong showing of any of the other factors, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.*

## II.  Motion to Remand

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Generally, district courts have original jurisdiction over civil actions in two instances: (1) where there is complete diversity between the parties, or (2) where a federal question is presented in an action arising under the Constitution, federal law, or treaty. 28 U.S.C. §§ 1331 and 1332.

1    The removing party bears the burden of establishing federal
2    jurisdiction. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389,
3    1393 (9th Cir. 1988).  Furthermore, courts construe the removal
4    statute strictly against removal. *Gaus v. Miles, Inc.*, 980 F.2d
5    564, 566 (9th Cir. 1992) (citations omitted).  If there is any
6    doubt as to the right of removal in the first instance, remand
7    must be granted. *See Gaus*, 980 F.2d at 566.  Therefore, if it
8    appears before final judgment that a district court lacks subject
9    matter jurisdiction, the case shall be remanded to state court.
10   28 U.S.C. § 1447(c).

11   If the district court determines that removal was improper,
12   then the court may also award the plaintiff costs and attorney
13   fees accrued in response to the defendant's removal.  28 U.S.C. §
14   1447(c).  The court has broad discretion to award costs and fees
15   whenever it finds that removal was wrong as a matter of law.
16   *Balcorta v. Twentieth-Century Fox Film Corp.*, 208 F.3d 1102, 1106
17   n.6 (9th Cir. 2000).

18
19                              **ANALYSIS**
20
21   **1.   McElroy's Motion for Leave to Amend her Complaint**
22
23   A plaintiff may amend her complaint once as a matter of
24   course or by written consent of the adverse party; otherwise,
25   leave of court is required to amend a pleading.  Fed. R. Civ. P.
26   15(a).
27   ///
28   ///

5

1  Because McElroy is seeking a third amendment and Defendants have

2  not presented the Court with proper written consent, she may only

3  amend with leave of court.[2]

4      As noted above, leave to amend should be "freely given when

5  justice so requires."  Fed. R. Civ. P. 15(a).  *See, e.g.,*

6  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th

7  Cir. 2003).  Accordingly, absent a showing of undue delay, bad

8  faith or dilatory motive, futility of amendment, prejudice to the

9  opposing party, or repeated failure to cure deficiencies by

10  previous amendments, leave to amend is proper.  *Id.* at 1052.

11      Here, the balance tips in favor of McElroy.  First,

12  Defendants do not allege, nor does the Court find, that they will

13  be prejudiced by permitting McElroy to amend her Complaint.

14  Further, there is no evidence that McElroy unduly delayed her

15  Motion.  In fact, McElroy filed it one month after Defendants

16  removed the case to this Court.  Similarly, there is no

17  indication of bad faith nor is McElroy's Motion futile because it

18  affects subject matter jurisdiction, a vital component of any

19  claim.  In sum, the Court finds no countervailing factors to

20  outweigh the strong presumption in favor of granting leave to

21  amend.  Therefore, McElroy's Motion for Leave to Amend her

22  Complaint is properly granted.

23  ///

24  ///

25

26      [2] FRCP 15(a) allows amendment "by written consent of the
adverse party."  Fed. R. Civ. P. 15(a).  This usually takes the
form of a written stipulation signed by both parties.  In this
27  case, the parties may have been moving toward a written
stipulation, but it never materialized.  *See* Declaration of David
28  D. Cheng ¶6; Declaration of Juanita E. Mantz ¶2.

**2.   McElroy's Motion to Remand**

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  After removal, the district court can exercise supplemental jurisdiction over plaintiff's state law claims if they are part of the "same case or controversy" as the federal claim.  28 U.S.C. § 1367(a).  Because McElroy's FMLA claim clearly falls under this Court's original subject matter jurisdiction, Defendants' removal of the action to this Court was proper.  The Court also has supplemental jurisdiction over McElroy's state law claims because they are part of the same case or controversy as McElroy's FMLA claim.

Even though McElroy amended her Complaint to eliminate the sole federal cause of action, the Court may nonetheless adjudicate McElroy's state law claims.  *See Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931 (9th Cir. 2003).  In *Albingia*, the court held that, so long as the original removal was proper, a federal district court's supplemental jurisdiction over related state law claims was not destroyed upon dismissal of the federal claim.  *Id.*  Similarly, a plaintiff cannot escape federal jurisdiction after removal by submitting an amended complaint.  *See Sparta Surgical Corp. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) ("a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based").
///

1    Defendants' removal was proper and the federal question
2    existed at time of removal.  Therefore, even after McElroy
3    eliminated the federal question through amendment, this Court
4    still retains jurisdiction over McElroy's state law claims.

5    While the decision to adjudicate McElroy's state law claims
6    lies completely within the Court's discretion, policy reasons
7    generally favor the remand or dismissal of purely state law
8    claims.  "[I]n the usual case in which all federal-law claims are
9    eliminated before trial, the balance of factors ... will point
10   toward declining to exercise jurisdiction over the remaining
11   state law claims."  *Acri v. Varian Assocs.*, 114 F.3d 999, 1001
12   (9th Cir. 1997) (quoting *Carnegie-Mellon Univ. V. Cohill*, 484
13   U.S. 343, 350 n.7 (1988)).  The Court must balance a number of
14   factors in determining whether to keep the state claims such as
15   judicial economy, convenience, fairness, and comity.  *See United*
16   *Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

17   Applying the *Gibbs* factors to this case, the Court finds it
18   appropriate to remand this action.  McElroy's FMLA claim was the
19   only federal cause of action out of ten claims in her Second
20   Amended Complaint.  Whether it was an "afterthought" or an
21   attempt to forum shop, the FMLA claim is not central to the
22   merits of McElroy's case.  State law issues predominate in this
23   case.  Therefore, the interests in judicial economy and comity
24   far outweigh any potential inconvenience Defendants might suffer
25   from remand.
26   ///
27   ///
28   ///

Given the Court's decision not to exercise pendant jurisdiction over McElroy's state claims, the Court has discretion either to dismiss the case or to remand it to the state court.  The Court finds that remand better serves the interests of convenience and comity.  In light of these considerations, the Court grants McElroy's Motion to Remand.

**3.    Defendants' Request for Attorneys Fees**

Defendants request that the Court consider McElroy's "manipulative" behavior and impose sanctions accordingly.  *See Baddie v. Berkeley Farms, Inc.,* 64 F.3d 487 (9th Cir. 1995)*.* Because McElroy's decision to add the FMLA claim was either an honest mistake or a "legitimate tactical decision" within the scope of *Baddie*, McElroy's behavior does not warrant sanctions.

The Court also declines to impose sanctions under Rule 11 of the Federal Rules of Civil Procedure.  For the reasons stated above, the Court finds no bad faith on McElroy's part that would require such action.

///
///
///
///
///
///
///
///
///

9

1

**CONCLUSION**

2

3      For the preceding reasons, McElroy's Motion for Leave to

4  Amend her Complaint is GRANTED.  McElroy's Motion for Remand is

5  GRANTED and this case is remanded to San Joaquin Superior Court.

6      IT IS SO ORDERED.

7  DATED: July 5, 2006

8

9

10  _____
   MORRISON C. ENGLAND, JR
11  UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28